BOND STORES, INCORPORATED, Landlord, Respondent, v. MAX DEUTSCH et al., Tenants, Appellants.

BOND STORES, INCORPORATED, Landlord, Respondent, v. LOUIS BUCCIERI, Tenant, Appellant, and RALPH ROSENBERG, Undertenant, Appellant.

BOND STORES, INCORPORATED, Landlord, Respondent, v. ROBERT SELTZER, Tenant, Appellant, and JACOB TEICH, Doing Business as ALLIED DRUG COMPANY, Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, July 6, 1948.

*Jacob Rosenberg* and *Kermit F. Kip* for appellants.

*Bernard Grossman* for respondent.

*Per Curiam.* In deciding the issues presented on this appeal subdivisions (c) and (d) of section 8 of the emergency statute (L. 1945, ch. 3, as amd.; ch. 314, as amd.) must be read together, and so considered it seems to us that, notwithstanding the broad definition of '' landlord '' contained in section 2 of the act, embracing lessees as well as owners, the petitioner lacking ownership is not entitled to maintain these proceedings. (See *244 West 27th St. Corp.,* v. *Lieberman,* 272 App. Div. 725; *Trade Accessories, Inc.,* v. *Bellet,* 184 Misc. 962; *250–252 West 27th St. Corp.* v. *Kofsky,* 188 Misc. 647.)

Nor do we think that the proposed one-story loading platform satisfied the requirement of the construction of '' a new build-

ing " within the meaning of subdivision (c). (*Gilpin* v. *Mutual Life Ins. Co. of N. Y.*, 271 App. Div. 499, 503–504.)

The final orders should be reversed, with $30 costs as of one appeal, and final orders directed for the tenants, with costs.

EDER (dissenting). I dissent. Subdivisions (c) and (d) of section 8 (L. 1945, ch. 3, as amd.; ch. 314 as amd.) relate to separate and independent situations. Subdivision (c) relates to a case where possession is sought by a landlord for the purpose of demolishing the existing structure and erecting a new one. It imposes no requirement of ownership by the landlord of the premises.

Subdivision (d) relates to a case where the landlord seeks to gain possession, not for the purpose of demolishing the building, but to continue in possession for his immediate and personal use and in that case the statute requires that he possess the percentage interests therein mentioned, i.e., an equity in the property of not less than 25% of the purchase price and an interest of not less than 50% of the whole investment in the business which he proposes to carry on in such space.

I am also of opinion that as to the construction of a new building that the erection of a one-story loading platform comes within the meaning of subdivision (c); this provision does not prescribe the type of new building to be erected.

HAMMER and HOFSTADTER, JJ., concur; EDER, J., dissents in memorandum.

Final orders reversed, etc.