In the Matter of CITY BANK FARMERS TRUST COMPANY, as Trustee under Two Deeds of Trust Made by WILLIAM W. ASTOR, Petitioner. ALDINE PAPER COMPANY, INC., Respondent.

Supreme Court, Special Term, New York County, October 28, 1948.

A. I. *Caccia, Jr.,* for petitioner.

*John J. Corwin* for respondent.

HOFSTADTER, J. This proceeding was instituted in this court by the landlord in August, 1948, for an order fixing the tenant's emergency rent of business space now occupied by the tenant. The proceeding is brought under section 13 of chapter 314 of the Laws of 1945, as amended, commonly known as the Business Rent Law. The lease under which the tenant was in possession and which by its terms expired on April 30, 1948, prescribed a rental in a graduated scale, the rental for the last two years of the term being at the rate of $9,000 per annum. The tenant is still in possession under the protection of the rent control law but no rent has been paid since the expiration of the lease. The landlord now moves for an order directing the tenant to pay without prejudice or to deposit in escrow a temporary rental during the pendency of the proceeding.

It is recognized that the statute does not explicitly give the court power to order the payment of temporary rent during the pendency of a proceeding such as this. Nevertheless, there runs through the entire emergency legislation the implicit condition that the tenant enjoy the protection of continued possession only on payment of rent. Indeed section 8 does provide specifically that possessory remedies are suspended " So long as the tenant continues to pay the rent to which the landlord is entitled, under the provision of this act * * *." In this case, the rent has not yet been fixed. It would, however, be wholly anomalous to allow the tenant to remain in possession until the determination of this proceeding without affording the landlord some measure of protection for the ultimate collection of the rent to which it may be found entitled. In summary proceedings, stays are invariably conditioned on payment of rent pending the stay (see *Siegel Equities* v. *Farries,* 187 Misc. 263).

An order directing a tenant in a similar proceeding to pay temporary rental without prejudice was made in *Matter of City Bank Farmers Trust Co.* v. *Rubinstein* (N. Y. L. J., Feb. 24, 1948, p. 678, col. 3, Levy, J.). *Matter of 214 West 39th St. Corp.* (*Indictor*) (N. Y. L. J., June 3, 1948, p. 2076, col. 4, Pecora, J.), in which a motion for an order for temporary rent was denied, because of absence of specific statutory authority for such an order, was a proceeding to fix emergency rent under section 2 and not, as is the present, one to fix emergency rent under section 13. In proceedings under section 2 there is ordinarily no rental reserved or payable on the freeze date because the premises are vacant or because of other circumstances. That is not the situation when the landlord proceeds under section 13, for then we have the rental of the expired lease as some indication of what a tentative rental should be.

It is significant to note that section 4 of the statute, dealing with proceedings to fix reasonable rent in excess of emergency rent, provides that '' As a condition precedent to being heard in any proceeding  *  *  *  under this section, the tenant must pay to the landlord the emergency rent on each date when the rent is due under the terms of his lease, rental agreement or tenancy.'' This requirement for the payment of at least some rent during the pendency of the proceeding to fix rent is in harmony with the provision of section 8 already noted.

The courts in passing on some of the problems posed by the application of this emergency legislation have not hesitated to read into one section of the statute a provision of another section, when such transposition seemed necessary to carry out the fundamental purpose of this legislation (*244 West 27th St. Corp.* v. *Lieberman*, 272 App. Div. 725; *Bond Stores* v. *Deutsch*, 192 Misc. 1007; *250–252 West 27th St. Corp* v. *Kofsky*, 188 Misc. 647; *Trade Accessories, Inc.*, v. *Bellet*, 184 Misc. 962, 966). The clear legislative intent seems to be to protect the tenant's possession on payment of a reasonable rent. But it seems equally clear that the Legislature did not intend to allow the tenant to remain in possession during the indefinite period of the pendency of a proceeding to fix rent without affording the landlord some security for the payment of the rent finally determined to be fair. I do not believe that the omission from section 13 of an express grant of the power to require the payment or deposit of some rent provisionally was purposeful. Nor, in my opinion, does the absence of specific statutory power deprive this court, sitting as a court of equity, of its inherent

control of proceedings before it (see *Syracuse Trust Co.* v. *Corey,* 167 Misc. 506). That control is broad enough to meet effectively the challenge of the present situation. Accordingly, the motion is granted to the extent of directing the tenant-respondent to pay to the petitioner, without prejudice to the rights of either party, so long as it continues in possession of the premises during the pendency of the proceeding, a provisional rental of $750 per month, commencing as of May 1, 1948. The landlord also moves for a preference. Such disposition would be in furtherance of justice. It is to the interest of both parties that the rent liability be determined promptly. The case will, therefore, be placed on the ready calendar of November 8, 1948. Settle order.