In the Matter of HOUSTON SERVICE Co., INC., Petitioner. MORRIS LEWIS, Doing Business under the Name of LEWIS AUTO SALES, et al., Respondents.

Supreme Court, Special Term, Queens County, August 3, 1949.

*Levien, Singer & Neuburger* for petitioner.

*William A. Rowland* for Morris Lewis, respondent.

COLDEN, J. Heretofore, the landlord, petitioner herein, commenced a proceeding to determine and fix the fair and reasonable rent for a space occupied by the tenants respondents. An order was made, dated May 26, 1949, referring the matter to an official referee to hear and determine. This order was amended by an order dated June 22, 1949.

Petitioner now moves to vacate said order and to place the proceeding on the ready calendar of Special Term as a preferred cause for an immediate trial, and to direct the tenant, Morris Lewis, doing business under the firm name and style of Lewis Auto Sales, to pay the petitioner, pending the hearing and determination of this proceeding, a temporary rental of $275 per month, the rental paid by said tenant since January 15, 1946, subject to an adjustment in accordance with the amount of emergency rent finally fixed by the court in this proceeding, or, in the alternative, to deposit such sum with a depository appointed by the court, to hold the same in escrow pending the ultimate determination of this proceeding, and the further order and direction of this court.

In view of the fact that there is no Special Term calendar for trials, the motion to vacate the order of reference, to permit an immediate trial, is denied.

The court will, however, direct the tenant, Morris Lewis, doing business under the firm name and style of Lewis Auto Sales, to pay the rental sought, without prejudice to the final determination to be made herein, which rental will be paid into court. This tenant has not paid any rent whatsoever since May 15, 1949, and it is inconceivable that the Legislature intended to permit a tenant to remain in possession, during the indefinite period of the pendency of a proceeding to fix rent, without affording the landlord some security for the payment of the rental finally fixed. Such was the holding of Mr. Justice HOFSTADTER in *Matter of Astor (Aldine Paper Co.)* (192 Misc. 1042), in respect to a proceeding under section 13 of the Business Rent Law (L. 1945, ch. 314, § 13, as amd.), and this logic applies with equal force to the instant proceeding.

Settle order on notice.